UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PETER GALINIS,

    Plaintiff,

v.

BRANCH COUNTY, et al.,

    Defendants.

_____/

Hon. Paul L. Maloney

Case No. 1:14-cv-00460-PLM

## **MEMORANDUM OPINION**

This matter is before the Court on defendants Branch County, Branch County Sheriff's Office, and Branch County Sheriff C. John Pollack's ("Branch County defendants") motion for attorney's fees and expenses (Dkt. 46), pursuant to Federal Rule of Civil Procedure 37(a)(5), relating to their successful motion to compel discovery. (Dkt. 33). They seek $930.00 in fees and $30.40 in costs. (Dkt. 46-1, Page ID 378). Plaintiff objects generally to the award of fees and costs, as well as to the amount sought by Branch County defendants. (Dkt. 56). Having considered the parties' written submissions, as well as the oral arguments during the March 31, 2015, hearing on the motion to compel, Branch County defendants' motion will be granted in part and denied in part.

**Procedural and Factual Background**

This case arises from plaintiff's arrest on August 1, 2011, at the Branch County courthouse. Plaintiff alleges that defendants violated his Fourth and Fourteenth Amendment rights, and that the arresting officers violated various provisions of state law. (First Amended Complaint, Dkt. 25). Plaintiff is representing himself.

On May 12, 2014, Branch County defendants served plaintiff with a request to produce documents. (Dkt. 33-1, Page ID 284-86). Their discovery request was premature. *See* FED. R. CIV. P. 26(d)(1) (generally precluding discovery until the parties have conferred as required by Rule 26(f)). The parties filed their Joint Status Report on September 15, 2014. (Dkt. 12). Accordingly, the Court treated Branch County defendants' document requests as having been served on that date. (Amended Order at 2, Dkt. 44, Page ID 340). Plaintiff's responses were due October 21, 2014. *See* FED. R. CIV. P. 6(a)(1), (d).

On November 7, 2014, having received no response to their document requests, Branch County defendants served plaintiff with a notice of taking his deposition *duces tecum*. (Dkt. 33-4, Page ID 298-301). Their notice requested that plaintiff "bring with him to his deposition any and all records, documents, reports, and memoranda not produced to date and that in any way relate to the claims involved in this matter." (*Id.*, Page ID 299). Plaintiff appeared for his deposition, but did not bring any documents with him. (Dkt. 33-5, Page ID 307-08). Plaintiff testified that he had a file of documents concerning this case "about 4 inches thick," but that he needed "to go through and sift through everything." (*Id.*, Page ID 307).

On December 9, 2014, having still not received a response to their document requests, Branch County defendants served their first set of interrogatories and a second request to produce documents. (Dkt. 33-1, Page ID 287-88). Defense counsel included a cover letter, which explained to plaintiff that he had thirty days to respond to discovery requests, and not until the close of discovery (March 20, 2015), as plaintiff had previously asserted. (Dkt. 33-2, Page ID 290). Plaintiff's deadline for responding to the December 9, 2014, discovery requests was January 12, 2015. *See* FED. R. CIV. P. 33(b)(2); 34(b)(2)(A); and 6(a)(1), (d).

On or about December 22, 2014, more than two months late, plaintiff served his responses to Branch County defendants' first document requests. (Dkt. 33-3, Page ID 292-96).[1] While it is unclear from the record when plaintiff served his answers and responses to Branch County defendants' December 9, 2014, discovery requests, plaintiff dated them March 11, 2015.[2] Even giving plaintiff the benefit of the doubt that he served his responses on that date, they were nearly two months late.

Plaintiff provided no documents responsive to any of the discovery requests. His answers to the interrogatories were, for the most part, non-responsive.

---

[1] The date on plaintiff's responses is poorly written. It appears to be either December 22, 2014, or December 28, 2014. (*See* Dkt. 33-3, Page ID 296). The Court gave plaintiff the benefit of the doubt, and used the December 22, 2014, date. (*See* Order at 3, Dkt. 44, Page ID 341).

[2] Plaintiff failed to append his responses to these discovery requests to his response to the motion to compel, and he failed to bring a copy to the March 31, 2015, hearing on the motion to compel. Counsel for the City of Coldwater provided the Court with a copy during the hearing. It is appended to the Courts Order of April 2, 2015. (*See* Dkt. 44-2).

In each of his responses to the document requests and interrogatories, plaintiff raised a number of objections. These objections were untimely. *See* FED. R. CIV. P. 33(b)(2), 34(b)(2)(B), (C). Accordingly, they were waived. *See* FED. R. CIV. P. 33(b)(4); *In re United States,* 864 F.2d 1153, 1156 (5th Cir. 1989) (holding that the waiver provision of Rule 33 applies equally to Rule 34); *Carfagno v. Jackson National Life Ins. Co.*, No. 5:99-cv-118, 2001 WL 34059032, *1 (W.D. Mich. Feb. 13, 2001) ("As a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 'constitutes a waiver of any objection.'") (citing *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *Standard Chlorine of Delaware, Inc. v. Sinibaldi*, 821 F. Supp. 232, 261 (D. Del. 1992) (collecting cases)); *see also Martinez v. Cook County*, No. 11 C 1794, 2012 WL 6186601, *3 n.4 (N.D. Ill. Dec. 12, 2012) ("[C]ourts have generally recognized that Rule 33's automatic waiver provision applies to Rule 34 as well.") (citing *Autotech Technologies Ltd. P'ship v. Automationdirect.com, Inc.*, 236 F.R.D. 398 n.2 (N.D. Ill. 2006)). Moreover, and for the reasons stated on the record in the March 31, 2015, hearing, the Court ruled that plaintiff's objections were unfounded. (Order at 4, Dkt. 44, Page ID 342).

In an abundance of caution, however, and giving plaintiff the benefit of considerable doubt, the Court limited its order to compel in several ways: first, it did not require plaintiff to respond to two of Branch County defendants' interrogatories, and it modified the terms in one interrogatory; second, it ruled that plaintiff had satisfactorily answered two interrogatories; and third, in recognition that plaintiff may have already provided the information sought in one of the interrogatories, it qualified

the order accordingly.  (*See id.* at 5, Page ID 343).  Noting these exceptions, the Court granted Branch County defendants' motion to compel discovery.  (*Id.*).

## Discussion

Under the facts outlined above, there is a sufficient basis for awarding reasonable attorney's fees and expenses to defendants.  Branch County defendants rely on Rule 37(a)(5)(A), which provides, in pertinent part:  "If the motion [to compel] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." (Emphasis supplied).  There are only three exceptions to this rule.  *See* FED. R. CIV. P. 37(a)(5)(A)(i-iii).

Plaintiff does not cite to any of these exceptions in opposing the fee petition here.  He does, however, argue that his objections to Branch County defendants' discovery requests were "based on a reasonable belief of being meritorious."  (Pltf. Resp. at 4, Dkt. 56, Page ID 560).  This argument sounds much like the second of the three exceptions:  "the opposing party's nondisclosure, response, or objection was substantially justified."  FED. R. CIV. P. 37(a)(5)(A)(ii).  Construing the facts as favorably to plaintiff's position as reason will allow, it cannot be said that his non-compliance with his discovery obligations was "substantially justified."

Plaintiff was exceedingly late in all of his responses to Branch County defendants' discovery requests.  Even then, he provided no documents and his answers to the interrogatories were, for the most part, non-responsive.  Despite Branch County

defendants' repeated efforts to obtain discovery, and their efforts to explain the rules and consequences of noncompliance, plaintiff stubbornly refused to provide information and documents to which Branch County defendants were plainly entitled.

In his primary argument against the fee petition, plaintiff contends that, because the Court did not require him to respond to some of the interrogatories, Rule 37(a)(5)(A) provides the wrong standards. Instead, he contends that the Court should review the fee petition under the standards of Rule 37(a)(5)(C). (Pltf. Resp. at 2-3, Page ID 558-59). Rule 37(a)(5)(C) provides, in pertinent part: "If the motion is granted in part and denied in part, the court . . . *may*, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." (Emphasis supplied).

Plaintiff has a point. Although the Court's April 2, 2015, order stated simply that the motion to compel was granted, it did exempt four interrogatories outright and it qualified the effect of the order with respect to two other interrogatories. (*See* Order at 5, Dkt. 44, Page ID 343). Not allowing form to take precedence over substance, the order must be viewed as one granting the motion to compel in part and denying it in part. Accordingly, the Court will follow the provisions of Rule 37(a)(5)(C), as plaintiff suggests.

While Rule 37(a)(5)(C) provides the Court greater discretion in deciding whether to award fees and costs, there is no basis for exercising that discretion in plaintiff's favor here. As noted above, plaintiff's conduct with respect to his discovery obligations was wholly unjustified, even giving him the benefit of the doubt as a *pro se* litigant.

Accordingly, the Court will award Branch County defendants reasonable attorney's fees and expenses that were incurred in making their motion to compel. The award of costs is the norm, rather than the exception. *Eastern Maico Distribs., Inc. v. Maico-Fahrzeugfabrik*, 658 F.2d 944, 949 n.4 (3d Cir. 1981); *see Boles v. Lewis*, No. 1:07-cv-277, 2009 WL 2021743, at * 3 (W.D. Mich. July 7, 2009).

Defense counsel seek a $150.00 hourly rate. (Dkt. 46-1, Page ID 377-78). This is a reasonable rate. A reasonable hourly rate multiplied by "the proven number of hours reasonably expended on the case by the attorney" typically produces a reasonable attorney's fee. *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

The Sixth Circuit has identified a dozen factors that may assist lower courts in determining the reasonableness of an hourly rate, or a number of hours worked:

> (1) time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesireability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in "similar cases."

*Isabel*, 404 F.3d at 415. Here, the first two factors are the most important. Plaintiff's failure to produce discovery caused Branch County defendants to expend time in making their motion to compel, but the questions presented in connection with that motion were neither novel nor difficult.

In order to accept the claimed time expenditure, "the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *United Slate, Tile & Composition Roofers Ass'n Local 307 v. G. & M. Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 n.2 (6th Cir. 1984).

The Court has reviewed the time entries of Branch County defendants' counsel. (Dkt. 46-10). It indicates that counsel expended 1.6 hours drafting the motion and accompanying brief. (*Id.*, Page ID 377). It also indicates that counsel expended 4.4 hours appearing at the March 31, 2015, hearing. (*Id.*, Page ID 378). While the expenditure of time associated with drafting the motion is reasonable, plaintiff correctly points out that the hearing lasted no longer than two hours, approximately thirty minutes of which was devoted to plaintiff's oral motion to compel. (Pltf. Resp. at 5-6, Dkt. 56, Page ID 561-62). Allowing an hour of travel time each way to attend the hearing, and 1.5 hours for the hearing, the number of hours relating to the March 31, 2015, hearing is reduced to 3.5.

Branch County defendants have also failed to sustain their burden of justifying the other expenses listed in their itemized breakdown of costs. Accordingly, they will be denied.

The total number of hours reasonably expended on the motion to compel is 5.1 (1.6 hours drafting the motion and 3.5 hours relating to the hearing). Multiplying 5.1 hours by the $150.00 hourly rate, results in a total recoverable fee of $765.00.

The Court is not reducing the fee award under the proportionality provision of Rule 37(a)(5)(C). Plaintiff's reliance on the fact that the Court partially denied the motion to compel is misplaced. The Court's exemption of several of the interrogatories from the order to compel was, within the context of the whole, de minimus. Moreover, with the exception of the two interrogatories the Court found sufficiently answered, the exemptions were the result of the Court's liberality, not the merit of any of plaintiff's objections, all of which were waived by their untimely service.

## Conclusion

For the reasons set forth herein, Branch County defendants' motion for attorney's fees and expenses (Dkt. 46) will be granted in part and denied in part. Their motion will be granted to the extent that they will be awarded $765.00 under Federal Rule of Civil Procedure 37(a)(5)(C). The remainder of their motion will be denied.

Date:  May 11, 2015              /s/ Phillip J. Green
                                 PHILLIP J. GREEN
                                 United States Magistrate Judge