UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER GALINIS,

    Plaintiff,

v.

THE COUNTY OF BRANCH, THE CITY OF
COLDWATER, THE BRANCH COUNTY
SHERIFF'S OFFICE, THE CITY OF
COLDWATER POLICE DEPARTMENT,
DEPARTMENT, BRANCH COUNTY SHERIFF
C. JOHN POLLACK, both individually and as a
member of the Branch County Sheriff's
Department, and CITY OF COLDWATER
POLICE OFFICERS BRIAN WOHLHETER,
DAVID PIPE and NICK THORTON, both
individually and as members of the
City of Coldwater Police Department

    Defendants.

Case No. 1:14-cv-00460

Hon. Paul L. Maloney, Chief Judge

**DEFENDANTS WOHLHETER,
PIPE, AND THORTON'S
<u>TRIAL BRIEF</u>**

_____/

William F. Piper  (P38636)
Attorney for Plaintiff
WILLIAM F PIPER LLC
1611 West Centre Ave., Suite 209
Portage, Michigan 49024
(269)  321-5008
wpiper@wpiperlaw.com

Michael S. Bogren (P34835)
Robert A. Callahan  (P47600)
Attorneys for Defendants City of Coldwater,
City of Coldwater Police Department, and
Police Officers Wohlheter, Pipe and Thorton
PLUNKETT COONEY
950 Trade Centre Way, Suite 310
Kalamazoo, Michigan   49002
(269) 226-8851
mbogren@plunkettcooney.com
rcallahan@plunkettcooney.com

S. Randall Field (P31841)
Andrew J. Brege (P71474)
Attorney for Defendants Branch County,
Branch County Sheriff's Office, and Pollack
JOHNSON, ROSATI, SCHULTZ & JOPPICH
822 Centennial Way, Suite 270
Lansing, Michigan   48917
(517) 886-3800
rfield@jrsjlaw.com
abrege@jrsjlaw.com

**DEFENDANTS WOHLETER, PIPE AND THORTON'S TRIAL BRIEF**

**I.      INTRODUCTION**

A jury trial in this matter is scheduled to commence on February 28, 2017.  The claims at issue include alleged violations of the Fourth and Fourteenth Amendment as remedied by 42 U.S.C. § 1983 based on an alleged false arrest without probable cause and false confinement or imprisonment without probable cause, as well as corresponding state law claims, and a state law claim for battery.  (Count II – federal claim for false arrest; Count III – federal claim for false imprisonment; Count IV – state law claim for unlawful arrest; Count V – state law claim for false imprisonment; Count VIII – state law claim for battery).  The jury will decide whether the actions by the Defendants were reasonable under the circumstances, and the basis upon which the Defendant's acted relative to the Plaintiff.  The jury will also decide Defendants' governmental immunity defense, raised in response to Plaintiff's state law claims.[1]

**II.     STATEMENT OF FACTS**

This case arises out of an incident that took place at the Branch County Courthouse on August 1, 2011.  Plaintiff went to the court court's office claiming he received a defective DVD of trial proceeding on a criminal matter in which he had prevailed.  When the clerk, Julie Morrison, came to the window to help Plaintiff, Plaintiff pulled out his cell-phone and began video-taping her.  Plaintiff insisted on recording his interaction with Morrison, despite her clearly articulated wishes to the contrary.  When Plaintiff refused to stop, Morrison closed and left the clerk's window.  Plaintiff continued to ring the buzzer for

---

[1] Defendants also asserted the defense of qualified immunity in response to the federal claims, but this was previously denied

service, and Morrison called court security officers for assistance, who were employed by Branch County.

Sheriff's Deputy Carl Sevidal responded and asked Plaintiff what was going on. Plaintiff stated that he thought the DVD was deliberately made defectively, and the two briefly discussed DVD players before Sevidal asked if Plaintiff would give up his recording device.  Plaintiff refused and continued ringing the call button at the clerk's window. Sevidal left and called for back-up.  Coldwater police officers, Defendants Pipe, Thorton, and Wohlheter responded.  Defendant Sgt. Pollack, a Branch County sheriff's deputy, also responded.

Plaintiff admitted the officers who spoke to him told him that if he did not stop recording he would not be served and needed to leave.  The officers also told plaintiff that the judge had advised the officers that if plaintiff was being disorderly, he could be arrested. Magistrate Judge Coyle also expressed that if Mr. Galinis did not cease and desist in his recording that Ms. Morrison need not continue with his transaction.

Video of the interaction between Plaintiff and the officers reflects that at 4:30:10, Pollack touched plaintiff's right shoulder. At 4:30:14 plaintiff pushed back against Sgt. Pollack. Plaintiff physically resisted the efforts by Pollack, which resulted in Pipe, Thorton, Wohlheter, and Sevidal moving Plaintiff to the other side of the hall against a doorframe to place Plaintiff in handcuffs.  At 4:31:51 the episode terminated.

Plaintiff was charged with resisting and obstructing under the Michigan statute, MCL 750.81d, and disorderly jostling under a local ordinance.  Plaintiff spent approximately three hours in jail and was released on $100 cash bond.

A preliminary exam was held before the Honorable Samuel I. Durham on Tuesday, November 8, 2011.  Judge Durham found there was probable cause and bound plaintiff over for trial on both charges.  However, a change in the law in Michigan in *People v. Moreno,* 491 Mich. 38, 814 N.W.2d 624 (Mich. 2012), lead to a remand of Plaintiff's charges to the district court.  Another hearing was held on June 18, 2012.  At the conclusion of the second hearing, District Judge Durham dismissed all charges against Plaintiff finding Plaintiff was not being disorderly or creating a disturbance prior to his arrest.  Judge Durham held that Plaintiff had a right to refuse to leave the public courthouse because there were no rules against the use of cellphones, and therefore law enforcement officers had no basis to ban him from the building.

Plaintiff's lawsuit ensued.

### III. APPLICABLE LAW.

#### A. Plaintiff's False Arrest/Imprisonment Claims.

Plaintiff's false arrest and imprisonment claims are largely duplicative and are based on the claim that the Defendant officers lacked probable cause to arrest the Plaintiff. An individual who has been wrongfully arrested or seized under the color of law can make a § 1983 claim based on the Fourth Amendment. *Brooks v. Rothe,* 577 F.3d 701, 706 (6th Cir.2009). "[I]n order for a wrongful arrest claim to succeed under § 1983, a plaintiff must prove that the police officer lacked probable cause." *Id.* (quoting *Fridley v. Horrighs,* 291 F.3d 867, 872 (6th Cir.2002)); *see also Devenpeck v. Alford,* 543 U.S. 146, 152, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004); and *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010).  Similarly, to prevail on a claim of false arrest or false imprisonment under Michigan law, a plaintiff

4

must show that the arrest was not legal, i.e. the arrest was not based on probable cause." *Peterson Novelties, Inc v City of Berkley,* 259 Mich App 1, 18; 672 NW2d 351 (2003).

Defendants maintain that they did have probable cause at the time they arrested Plaintiff, or were entitled to qualified immunity. This Court has already determined that the qualified immunity defense does not apply. Nevertheless, Plaintiff must prove with respect to each individual officer a violation of his rights, as well as damages that were proximately caused by any purported violation.

### B. Plaintiff's Battery Claim.

Plaintiff also alleges Defendants committed the tort of battery while arresting him. A battery is "the wilful and harmful or offensive touching of another person which results from an act intended to cause such a contact." *Espinoza v. Thomas*, 189 Mich. App. 110, 119, 472 N.W.2d 16, 21 (Mich. App. 1991) (citations omitted). However, "the law permits a police officer to use the amount of force reasonably necessary to make an arrest. . . Thus, the use of force by an officer is not an assault and battery if the force used was objectively reasonable under the circumstances." *Murry v. Yuchasz*, 2006 WL 3077462, at *3 (Mich. App. 2006) (citations omitted) (**Exhibit A**). Defendants submit that the amount of force used was objectively reasonable under the circumstances and did not constitute a battery.

### C. Governmental Immunity & Statute of Limitations Defenses.

In addition, the Defendant officers are entitled to governmental immunity from Plaintiff's state law claims, which are all intentional torts (false arrest, false imprisonment, and battery). As this Court has previously recognized, the Michigan Supreme Court has set out a three-part test for determining governmental immunity from an intentional tort claim. In *Odom v. Wayne County,* the Michigan Supreme Court applied the test forth in *Ross*

*v. Consumers Power Co. Odom v. Wayne County*, 482 Mich. 459, 760 N.W.2d 217, 228 (2008) (interpreting *Ross v. Consumers Power Co.,* 420 Mich. 567, 363 N.W.2d 641 (1984)). Under the *Ross* test, a governmental employee has the right to immunity if:

(1) the employee undertook the challenged acts during the course of his employment and was acting or reasonably believed that he was acting, within the scope of his authority;

(2) the employee undertook the challenged acts in good faith or without malice; and

(3) the acts were discretionary, rather than ministerial, in nature.

*Odom, supra* at 228.

Further, the question of whether the employee acted in good faith is subjective, and is satisfied where the governmental employee does not act "maliciously or with wanton or reckless disregard of the rights of another." Id. at 474. It "protects the defendant's honest belief and good faith conduct with a cloak of immunity while exposing to liability a defendant who acts with malicious intent." *Id.* The evidence in this case shows that the Defendant officers acted at all relevant times in good faith and are entitled to governmental immunity as to Plaintiff's state tort claims.

Finally, Plaintiff's claim for battery is barred by Michigan statute of limitations. A claim for battery is subject to a two year limitation. MCL §600.5805(2). Plaintiff's claims accrued on August 1, 2011. Plaintiff did not file this action until 2014, well after the two-year limitation had run. Defendants are entitled to dismissal of Plaintiff's battery claim on this basis.

**IV.    PLAINTIFF'S DAMAGES.**

Plaintiff alleges that at the time of his arrest he was slammed into the doorframe with such force that his glasses were broken, one of his teeth was loosened, he injured his

6

wrist, and his lower back sciatica flared up. He may also allege knee and closed head injuries. However, the evidence, including the Plaintiff's medical history, does not back up Plaintiff's claims. In fact, videos of Plaintiff being led out from the Courthouse do not show any physical violence or Plaintiff manifesting any physical problems.

Plaintiff also testified during his deposition that as a result of the incident he experiences nightmares and no longer trusts police officers. He has no evidence to show any treatment for these ailments. Further, if Plaintiff attempts to testify as to the mental and emotional distress and lack of trust in police officers he opens the door to his history with police officers prior to August 1, 2011.

It appears that plaintiff is proceeding on damages in the hope that he can obtain an award of punitive damages. Punitive damages are not available in Michigan unless otherwise permitted by statute. Punitive damages are available in a claim premised upon 42 U.S.C. § 1983, but only when "the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). The purpose of an award of punitive damages "is to punish the defendant for his wilful or malicious conduct **and** to detour others from similar behavior." *Memphis Community School District v. Stachura*, 477 U.S. 299, 306 n. 9 (1986) (emphasis added). Punitive damages may be awarded "only on a showing of the requisite intent" of the defendant officers. *Id*., at 306 n.9. Plaintiff simply cannot make this showing.

7

                                                    Respectfully submitted,

Dated: February 8, 2017                PLUNKETT COONEY


                                                    By: /s/ Robert A. Callahan
                                                          Robert A. Callahan (P47600)
                                                          Attorney for Defendants
                                                          Wohlheter, Pipe and Thorton

                                                  BUSINESS ADDRESS:
                                                  950 Trade Centre Way, Suite 310
                                                  Kalamazoo, MI 49002
                                                  **Direct Dial: 269/226-8856**

Open.00560.41221.18045415-1