**CV 2.01**

**Introduction**

Members of the jury, I will now instruct you as to the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain the elements of the claim(s) made by the plaintiff.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

Then the lawyers for the parties will make their closing arguments.

After closing arguments, I will then explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

**CV 2.01B – More Than One Defendant**

Although there is more than one defendant in this action, it does not follow from that fact alone that if one is liable, all are liable.   Each defendant's defense is entitled to a fair consideration by you and is not to be prejudiced by the fact, if it should become a fact, that you find against another defendant.   Unless otherwise stated, all instructions apply to each defendant.

## CV 2.02

### Jurors' Duties

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you have seen and heard in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide what claims, if any, plaintiff has proved by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may talk [have talked] about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## CV 2. 04

## Evidence Defined

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the depositions which were read into evidence or which you watched on the television set, the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record or I allowed some evidence to be considered by you for a limited purpose. You must completely ignore all of the things which are not in evidence or which I struck from the record, and you can consider the evidence which was admitted for a limited purpose only in your consideration of the limited purpose for which the evidence was admitted. Do not speculate about what a witness might have said or what an exhibit might have shown. Things that are not evidence and are not to influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

**CV 2.05**

**Consideration of Evidence**

You should use your common sense in weighing the evidence.    Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.    If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

Defendants object to the elimination of the following paragraph from standard instruction CV 2.05 and request that it be included as paragraph 2:

"Unless and until outweighed by evidence in the case to the contrary, you may find that official duty has been regularly performed; that private transactions have been fair and regular; that the ordinary course of business or employment has been followed; that things have happened according to the ordinary course of nature and the ordinary habits of life; and that the law has been obeyed."

**CV 2.06**

**Direct and Circumstantial Evidence**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that it is raining outside, and you believed the witness, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**CV 2.07**

**Credibility of Witnesses**

Another part of your duties as jurors is to decide how credible or believable each witness was. This is your duty, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

Ask yourself if the witness had any relationship to any party in this case, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

**CV 2.08**

**Number of Witnesses and Evidence Presented**

The number of witnesses who testified makes no difference.

Do not make any decision based only on the number of witnesses who testified or quantity of evidence presented. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves; and which evidence appeals to your minds as being most accurate and otherwise trustworthy. Concentrate on that, not the numbers.

**CV 2.08A**

**All Available Evidence Need Not Be Produced**

No party must call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**CV 2.08B**

**Single Witness**

The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

**CV 2.08C**

**Not Required to Accept Uncontradicted Testimony**

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness's bearing and demeanor, or because of the inherent improbability of the witness's testimony, or for other reasons you find sufficient, that such testimony is not worthy of belief.

**CV 2.14**

**Lawyers' Objections**

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on the lawyers' objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on any opinion I might have about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

**CV 3.01**

**Introduction**

That concludes the part of my instructions explaining your duties and the general rules that apply in every civil case. In a moment, I will explain the elements of the plaintiff's claim(s) against the defendants.

But before I do that, I want to emphasize that this trial is only on the particular claims alleged in plaintiff's complaint filed in this case.   Your job is limited to deciding whether the plaintiff has proved the claim(s) alleged in this case.

## CV 3.02

### Preponderance of the Evidence

The burden is on plaintiff to prove every essential element of a claim by a preponderance of the evidence. If the proof should fail to establish any essential element of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved by a preponderance of the evidence.

This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. Furthermore, this does not require proof beyond a reasonable doubt. Proof beyond a reasonable doubt is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this.

## CV 3.02A

## Burden of Proof

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim or defense depends upon that fact. The party who has the burden of proving a fact must prove it by the preponderance of the evidence, which I have already defined for you.

If a preponderance of the evidence does not support each essential element of a claim, then the jury should find against the party having the burden of proof on that claim.

## CV 3. 04

## Consider Damages Only If Necessary

If the plaintiff has proven a claim against the defendant by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I am giving instructions about the plaintiffs' damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiff is entitled to recover money from the defendant.

**CV 3.03A - Proximate Cause**

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case, that the act or omission played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

Defendants request the use of CV 3.03A.

**CV 3.03B - Proximate Cause and Proximately Contributed**

As previously instructed, "proximate cause or proximately contributed" means, first, that there must have been a connection between the defendant's actions and the plaintiff's injury and, second, that the occurrence which is claimed to have produced the injury was a natural and probable result of the defendant's conduct.

Defendants requests the use of standard instruction CV 3.03B.

**CV 3.04A - Damages - Reasonable - Not Speculative**

Damages must be reasonable.   If you should find that the plaintiff is entitled to a verdict, you may award the plaintiff only such damages as will reasonably compensate the plaintiff for such injury and damage as you find, from a preponderance of the evidence in the case, that was sustained as a proximate result of defendant's acts or omissions. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant.   On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury--tangible and intangible.   They are an attempt to restore the plaintiff, that is, to make the plaintiff whole or as the plaintiff was immediately prior to the injuries.

You are not permitted to award speculative damages.   So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

**CV 3.04C**

**Future Damages - Reduction to Present Cash Value**

If you decide that the plaintiff will sustain damages in the future, you must reduce the amount to its present cash value. The amount of damages you determine the plaintiff will sustain the first year is to be divided by 1.05. The amount of damages you determine will be sustained in the second year is to be divided by 1.10. The amount of damages you determine will be sustained the third years to be divided by 1.15. You then continue to use the similar procedure for each additional year you determine damages will be sustained. The total of your yearly computation is the present cash value of the plaintiff's future damages.

Bear in mind that your duty to discount to present value applies to loss of future earnings or future medical expenses. If you should find that the plaintiff is entitled to damages for future pain, and suffering or future mental anguish, then such award is not subject to any reduction for the present use.

**CV 3.05A**

**Prejudgment Interest**

If you decide that the plaintiff has suffered damages, then you should award plaintiff that amount of interest which you find will fairly compensate the plaintiff for the loss of use of the plaintiff's funds. If you decide to award interest, the interest should begin to run on the date when plaintiffs total damages became ascertainable which would be _____.   The interest should run from _____ through today's date. The interest rate shall be ____.

## CV 4. 01

## Introduction

That concludes the part of my instructions explaining the elements of the claim(s) made by plaintiff and how to calculate damages if you find that damages should be awarded. Next I will explain some rules that you must use in considering some of the testimony and evidence.

## CV 4.02A

### Stipulations of Fact

The parties have agreed to certain facts that have been given to you. You should therefore treat these facts as having been proved.

**CV 4.02B**

**Judicial Notice**

The Court has decided to accept as proved the fact that [fill in] even though no evidence has been introduced on the subject. You may, but are not required to, accept this fact as true.

**CV 4.03**

**Stipulated Testimony**

The parties have agreed what _____'s testimony would be if called as a witness.

You should consider that testimony in the same way as if it had been given here in court.

**CV 4.04**

**Limited Purpose Evidence**

The evidence [of _____] [you are about to hear] [you have just heard] may be considered only for the limited purpose of [fill in] and for no other purpose.

**CV 4.06W**

**WITNESS WHO HAS BEEN INTERVIEWED BY AN ATTORNEY**

It has been brought out that an attorney has talked with witnesses.     There is nothing wrong with an attorney talking with a witness for the purpose of learning what the witness knows about the case and what testimony the witness will give.

**CV 4. 07**

**Impeachment - Inconsistent Statement (Prior Conviction)**

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

The fact that a witness has previously been convicted of a felony, or a crime involving dishonesty or false statement, is also a factor you may consider in weighing the credibility of that witness. The fact of such a conviction does not necessarily destroy the witness' credibility, but is one of the circumstances you may take into account in determining the weight to be given to his or her testimony.

**CV 4.08**

**Impeachment by Prior Inconsistent**

**Statement Not Under Oath**

You have heard the testimony of [name]. You have also heard that before this trial that this witness made a statement that may be different from that witness's testimony here in court.

This earlier statement was brought to your attention only to help you decide how believable this witness's testimony was. You cannot use it as proof of anything else. You can only use it as one way of evaluating this witness's testimony here in court.

## CV 9. 01

### Introduction

Now let me conclude by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any question or message, you must write it down on a piece of paper, sign it, and then give it to the jury officer. The officer will give the message to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so I may take me some time to get back to you. Any question or message normally should be sent to me through your foreperson.

You will be given the documents that were admitted into evidence.      If you want to see any of the exhibits that were admitted into evidence and which you do not have, you may send me a message, and those exhibits will be provided to you.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split, or whatever your vote happens to be. That should stay secret until you are finished.

**CV 9. 02**

**RESEARCH AND INVESTIGATION**

Remember that you must make your decision based only on the evidence that you saw and heard here in court.    The instructions I have given you throughout the trial also apply to your deliberations.    Do not try to gather any information about the case on your own.    Do not bring any book, like a dictionary, or anything else with you to help you with your deliberations.    Do not conduct any independent research, reading, or investigation about the case.

In addition to not discussing the case with anyone in person or on the telephone, you are not to use electronic communications about this case with anyone until you have reached our final conclusion in the case and you are told that you can discuss the case under the conditions that I will describe to you at that time.    It would violate your oath, for example, to try to keep a family member, friend, or the media up-to-date about what is happening during the trial or while you are in the jury room.    For example, do not use email, or a site such as *Twitter©* to communicate about the case.    Such communications, whether you intend so or not, would involve people who are not jurors in possibly influencing you in your decision at the conclusion of the trial.    These people have not taken your oath to make a decision based solely on the evidence that you hear in court. Remember that both parties are entitled to a fair trial by you and you must follow the instructions as to the law that I am giving you now and that I gave you throughout the trial. Make your decision based only on the evidence that you saw and heard here in court.

**CV 9.04**

**Duty to Deliberate**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

Also, be mindful that you each may process information differently or have different approaches to your deliberations.    For example, some of you may need to think quietly while others may want to openly discuss their thoughts.    It may take more time for some of you, than for others, to reach a decision. Be patient and considerate of each other's needs as you deliberate.    Try your best to work out your differences.    Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself whether plaintiff's claims were proved by a preponderance of the evidence.

**CV 9.04A**
**Notes**

During the trial, I permitted you to take notes and I have noticed that several of you have done so. As I said at the beginning of the trial, there is always a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus was not written down, may have taken on greater importance later in the trial in light of all the evidence presented. Therefore, you are again instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and may not be a complete outline of the proceedings or a list of the highlights of the trial. Above all, your memory should be your greatest as asset when it comes time to deliberate and render a decision in this case.

**CV 9.05**

**Verdict Form**

I have prepared verdict forms for your use. A verdict form is simply the written notice of your decision. Whatever decision you reach in this case must be the unanimous decision of all of you. When all of you agree upon a verdict, it will be received as your verdict.

After the verdict form is completed, your foreperson should give a written note to the bailiff. That person will deliver the note to me, you will be called into the courtroom, and your foreperson will deliver the verdict to me in the courtroom. The parties will be informed of your verdicts.

Defendants object to the elimination of the following paragraph from standard instruction CV 9.05 and request that it be inserted as paragraph 2:

"When you answer one or all of these questions regarding the plaintiff, your foreperson should sign and date the verdict form."

**CV 9.09**

**Court Has No Opinion**

Let me emphasize something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves whether the plaintiff's claims were proved by a preponderance of the evidence

## CV 10.01

### TRANSCRIPT OF TAPE RECORDING

You are about to listen to a tape recording that has been received in evidence. Please listen to it very carefully.    Each of you has been given a transcript of the recording to help you identify speakers and as a guide to help you listen to the tape.    However, bear in mind that the tape recording is the evidence, not the transcript.    If you hear something different from what appears in the transcript, what you heard is controlling.    After the tape has been played, the transcript will be taken from you.

## CV 10. 02

### Deposition As Substantive Evidence

When a person is unavailable to testify at trial, the deposition of that person may be used at the trial. A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of _____    , which was taken on _____ is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone or voice of any person reading the questions or answers.

## SPECIAL JURY INSTRUCTION #1

## SPECIAL ELEMENTS OF CLAIM

Plaintiff Peter Galinis claims damages alleged to have been sustained as the result of a deprivation, under color of state law, of a right secured to him by the Fourth Amendment of the United States Constitution and by a federal statute protecting the civil rights of all persons within the United States.

Plaintiff Peter Galinis alleges defendant police officers, C. John Pollack, Brian Wohlheter, David Pipe and Nick Thornton, subjected him to deprivation of rights and privileges secured and protected by the Constitution and laws of the United States, namely the Constitutional right not to be subjected to an unreasonable arrest without probable cause.

Defendant police officers deny that any of his actions during the time in question violated plaintiff's constitutional rights.

Defendant police officers claim that their actions were in good faith and were reasonable.    Defendant police officers further claim that they were not guilty of any fault or wrongdoing in regard to the incident sued upon.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Sixth Edition, A. Generally, §165:1 Nature of the Action (modified).

Defendants would like to modify the title to read, "Special Elements of Plaintiff's Federal Claim" in order to differentiate between the federal and state claims for greater clarity.

## SPECIAL JURY INSTRUCTION #2

### STATUTES

The federal civil rights act under which plaintiff Peter Galinis brings this suit was enacted by Congress to enforce the Fourteenth Amendment to the United States Constitution.    The Fourteenth Amendment to the Constitution provides that:

No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

As a matter of law, under the Constitution of the United States, every person also has the right under the Constitution to be free from an arrest without probable cause.

Section 1983, the federal civil rights statute under which plaintiff Peter Galinis sues, provides that a person may seek relief in this court by way of damages against any person or persons who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Sixth Edition, B. Statutes, §165.10 Generally.

Defendants would like to modify the title to read, "Federal Statutes" in order to differentiate between the federal and state claims for greater clarity.

**SPECIAL JURY INSTRUCTION #3**

**ESSENTIAL ELEMENTS OF PLAINTIFF'S CLAIM**

In order to prove plaintiff's claim, the burden is upon plaintiff Peter Galinis to establish by a preponderance of the evidence each of the following elements:

First:    Defendant police officer performed acts that operated to deprive plaintiff Peter Galinis of one of plaintiff's federal Constitutional rights, as defined and explained in these instructions, by subjecting plaintiff Peter Galinis to an arrest without probable cause.

Second:    Defendant police officers then and there acted under the color of state law; and

Third:    Defendant police officer's acts were the proximate cause of damages sustained by plaintiff Peter Galinis.

Defendants, as officers of the City of Coldwater and County of Branch respectively, were acting under color of state law.    In other words, the second requirement is satisfied.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Sixth Edition, Essential Elements of Plaintiff's Claim, § 165:20, Generally (modified).

Defendants would like to modify the title to read, "Essential Elements of Plaintiff's Federal Claim" in order to differentiate between the federal and state claims for greater clarity.

**SPECIAL JURY INSTRUCTION #4**
**UNLAWFUL ARREST**

Plaintiff Peter Galinis claims to have been unlawfully arrested.   The United States Constitution provides that no person may be arrested without due process of law.   This means that a person may not be arrested without probable cause for such an arrest.   A police officer must have information that would lead a reasonable person possessing the same official expertise as the officer to conclude that the person being arrested committed or is about to commit a crime.

Before you can determine whether plaintiff Peter Galinis was deprived by the defendant police officers of plaintiff's liberty "without due process of law," you must determine from a preponderance of the evidence in this case:

First:   Whether defendant police officers committed the acts alleged; and if so,

Second:   Whether defendant police officers acted under circumstances within or without the bounds of their lawful authority under state law.   If defendant police officers acted within the limits of their lawful authority under state law, then defendant police officers could not have deprived plaintiff Peter Galinis of any right "without due process of law."

Under the law of the State of Michigan, police officers may not arrest a person without an arrest warrant unless they have probable cause to believe that a crime has been committed and that the person in question has committed that crime.   Probable cause exists if the facts and circumstances known to the officer and of which the officer had reasonable, trustworthy information are sufficient to warrant a prudent person in believing that the suspect has committed a crime.

Under the law of the State of Michigan, a person can be arrested for obstructing an officer if he engages in conduct that involves "the use or threatened use of physical interference or force or a knowing failure to comply with a lawful command."

In determining whether defendant police officers had reasonable grounds to believe that a person has committed an offense, the facts known to defendant police officers need not meet the standard of conclusiveness upon which a conviction must be based.    Rather, the actions of defendant police officers in making an arrest are to be measured by the test of what a reasonable person would have believed under the same circumstances.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Sixth Edition, § 165:21, Unlawful Arrest, MCL 750.81d

Defendants object to the inclusion of the second to last paragraph which reads, "Under the law of the State of Michigan, a person can be arrested for obstructing an officer if he engages in conduct that involves "the use or threatened use of physical interference or force or a knowing failure to comply with a lawful command."    Defendants object on the basis that this implies that it is the only offense for which Plaintiff could have been arrested, and the only offense for which Defendants may establish probably cause for, which is not consistent with the law.    *See, Devenpeck v. Alford,* 543 US 146, 153 (2004) ("[The officer's] subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause.")

## SPECIAL JURY INSTRUCTION #5

## UNDER COLOR OF STATE LAW

Acts are done "under color of state law," not only when state officials act within the bounds or limits of their lawful authority, but also when such officers act without and beyond the bounds of their lawful authority.   The phrase "under color of state law," includes acts done under color of any state law, or county or municipal ordinance, or any regulation issued thereunder, or any state or local custom.

In order for unlawful acts of an official to be done "under color of any law," the unlawful acts must be done while the official is purporting or pretending to act in the performance of the official's official duties.    The unlawful acts must consist of an abuse or misuse of power possessed by the official only because the person is an official.    The unlawful acts must be of such a nature, and be committed under such circumstances, that they would not have occurred but for the fact that the person committing them was an official, purporting to exercise official powers.

The federal statute that defendant police officer is alleged to have violated covers not only acts done by an official under color of any state law, but also acts done by an official under color of any ordinance or regulation of any county or municipality of the state, as well as acts done by an official under color of any regulation issued by any state, or county, or municipal official, and even acts done by an official under color of some statute or local custom.

The act of a public official in pursuit of the official's personal aims that is not accomplished by virtue of the official's official authority is not action under color of state law merely because the individual happens to be a public official.

An otherwise private person acts "under color of state law" when the person engages in a conspiracy with state officials to deprive another of rights protected by Section 1983.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Sixth Edition, D. Definitions, § 165:40, Under Color of State Law.

**SPECIAL JURY INSTRUCTION #6**

**USE OF CELL PHONES IN A COURTHOUSE**

You are instructed that as of August 1, 2011, no law prohibited Peter Galinis or any other person from recording interactions with public officials in the Branch County Courthouse.

The Sixth Circuit Opinion in this case.

Defendants object to this instruction as it implies that plaintiff was arrested solely for recording interactions with public officials, which is not supported or substantiated by the record.   It is also unnecessarily duplicative since this fact is included in the parties' stipulation and therefore gives the incorrect impression that it is more important than other facts.

**SPECIAL JURY INSTRUCTION #7**

**CAUSATION**


An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage to plaintiff Peter Galinis and that plaintiff's injury or damage was either a direct result or a reasonable probable consequence of the act or omission.

Plaintiff Peter Galinis has the burden of proving each and every element of plaintiff's claim by a preponderance of the evidence.   If you find plaintiff Peter Galinis has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for defendant police officer.

Defendant police officer has the burden of proving each element of his affirmative defenses by a preponderance of the evidence.


O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Sixth Edition, E. Causation, § 165:50, Generally.

## SPECIAL JURY INSTRUCTION #8

### COMPENSATORY AND NOMINAL DAMAGES

If you find for plaintiff Peter Galinis, you must determine his damages.    Plaintiff Peter Galinis has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate plaintiff Peter Galinis for the deprivation of civil rights [proximately] [legally] caused by defendant police officer.    Damages may not be based on speculation or sympathy.    They must be based on the evidence presented at trial and only that evidence.

You should consider the following elements of damage to the extent you find them proved by a preponderance of the evidence, and no others:

1.    The reasonable value of any of plaintiff's property lost or money he had to pay as a result of, the defendant police officer's unconstitutional acts;

2.    Plaintiff's physical or emotional pain and mental anguish;

3.    Plaintiff's physical injuries;

4.    [Punitive damages, if any (as explained in my instructions)].

If you find for plaintiff Peter Galinis, but you find plaintiff Peter Galinis has failed to prove actual damages, you shall return an award of nominal damages not to exceed one dollar.    There mere fact a constitutional deprivation has been shown to have occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Sixth Edition, F. Damages, § 165:70, Compensatory and Nominal Damages (modified).

Defendants object to Plaintiff's changes to Instruction 165:70 and request that the instruction be provided in unmodified form which is as follows:

      1.      The reasonable value of any of plaintiff's property lost or destroyed during, or as a result of, the defendant police officer's unconstitutional acts;

      2.      Plaintiff's physical or emotional pain and mental anguish;

      3.      The reasonable cost of plaintiff's medical care and hospitalization;

      4.      [Punitive damages, if any (as explained in my instructions)].

Defendants object to Plaintiff's changes on the basis that they suggest duplicative recovery for pain and suffering and improperly give the impression that certain damages such as criminal attorney fees may be awarded by the jury.

## SPECIAL JURY INSTRUCTION #9

## PUNITIVE DAMAGES

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award the injured person punitive damages in order to punish the defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of plaintiff Peter Galinis and against defendants, and if you find the conduct of the defendant as submitted in Instruction #4 was recklessly or callously indifferent to plaintiff's constitutional rights, then, in addition to any other damages to which you find plaintiff Peter Galinis entitled, you may, but are not required to, award plaintiff Peter Galinis an additional amount as punitive damages if you find it is appropriate to punish defendants or deter defendants and others from like conduct in the future. Whether to award plaintiff Peter Galinis punitive damages and the amount of those damages are within your sound discretion.

While you may consider evidence of actual harm to nonparties as part of your determination of reprehensibility, you may not use it to punish a defendant for injury the defendant may have inflicted upon nonparties or those whom they directly represent.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Sixth Edition, F. Damages, § 165:71, Punitive Damages.

Defendants object to the elimination of the following paragraph from §165:71 and request that it be included right before the final paragraph.

"You may assess punitive damages against any or all defendant police officers or you may refuse to impose punitive damages.    If punitive damages are assessed against more than one defendant, the amounts assessed against such defendants may be the same or they may be different."

Defendants object to the elimination of this paragraph on the basis that they are entitled to have the jury consider each of them individually or not award any punitives at all.

## SPECIAL JURY INSTRUCTION #10

## MITIGATION OF DAMAGES

If you find plaintiff Peter Galinis was injured as a result of conduct by defendant police officers in violation of Section 1983, you must determine whether plaintiff Peter Galinis could have done something to lessen the harm suffered.    Defendant police officers have the burden to prove by a preponderance of the evidence that plaintiff Peter Galinis could have lessened or reduced the harm done to plaintiff Peter Galinis and that plaintiff Peter Galinis failed to do so.

If defendant establishes by a preponderance of the evidence that plaintiff Peter Galinis could have reduced the harm done to plaintiff by failed to do so, plaintiff Peter Galinis is entitled only to damages sufficient to compensate for the injury that plaintiff Peter Galinis would have suffered had plaintiff taken appropriate action to reduce the harm.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Sixth Edition, F. Damages, § 165:72, Mitigation of Damages.

## SPECIAL JURY INSTRUCTION #11

## AVOIDANCE OF DOUBLE RECOVERY

If you find defendant police officers violated more than one of plaintiff's rights, plaintiff Peter Galinis is entitled to be compensated only for the injuries plaintiff Peter Galinis actually suffered. Thus, if the defendant police officers violated more than one plaintiff's rights, but the resulting injury was no greater than it would have been had defendant police officers violated one of those rights, you should award an amount of compensatory damages no greater than you would award if defendant police officers had violated only one of the plaintiff's rights.

If defendant police officers violated more than one of plaintiff's rights and you can identify separate injuries resulting from the separate violations, you should award an amount of compensatory damages equal to the total of the damages you believe will fairly and just compensate plaintiff Peter Galinis for the separate injuries plaintiff Peter Galinis has suffered.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Sixth Edition, F. Damages, § 165:73. Avoidance of double recovery (modified).

Defendants request the use of this instruction between Instructions presently numbered Special Instruction #10 and Special Instruction #11.

**SPECIAL JURY INSTRUCTION #11**

**BATTERY-DEFINITION**


A battery is the willful or intentional touching of a person against that person's will by another or by an object or substance put in motion by another person.


M. Civ. J.I. 115.02; Battery-Definition.     *Tinkler v. Richter*, 295 Mich 396 (1940).

**SPECIAL JURY INSTRUCTION #12**

**BATTERY - DEFENSE – USE OF FORCE**

**BY LAW ENFORCEMENT OFFICER**

**IN LAWFUL ARREST**

If a person has knowledge, or by the exercise of reasonable care should have knowledge, that he or she is being lawfully arrested by a law enforcement officer, it is the duty of that person to refrain from resisting arrest.

An arresting officer may use such force as is reasonably necessary to affect a lawful arrest.   However, an officer who uses more force than is reasonably necessary to affect a lawful arrest commits a battery upon the person arrested to the extent the force used was excessive.

M. Civ. J.I. 115.09; *Delude v. Raasakka*, 391 Mich 296 (1974).

**SPECIAL JURY INSTRUCTION #13**

**BATTERY – BURDEN OF PROOF**

Plaintiff has the burden of proving that defendants willfully and intentionally touched the plaintiff against the plaintiff's will.

If you find that this has been proved, and the defendant has failed to prove the defense of a lawful arrest, your verdict will be for the plaintiff.

If you find that the plaintiff has failed to prove this, or if you find that the defendant has proved the defense of a lawful arrest, your verdict will be for the defendant.

M. Civ. J.I. 115.21.Defendants object to the reference to "defense of a lawful arrest" and request that the words be changed to "defense of governmental immunity."   Plaintiff's proposed instruction improperly shifts the burden from Plaintiff who must prove that the arrest was unlawful.

## SPECIAL JURY INSTRUCTION #14

## FALSE ARREST-DEFINITION

False arrest is an unlawful taking, seizing or detaining of a person, either by touching or putting hands on him or her, or by any other act that indicates an intention to take him or her into custody and subjects the person arrested to the actual control and will of the person making the arrest.

The act must have been performed with the intent to make an arrest and must have been so understood by the person arrested.

M. Civ. J.I. 116.02.    *Bonkowski v. Arlan's Department Store, 383 Mich 90 (1970).*

**SPECIAL JURY INSTRUCTION #15**

**FALSE IMPRISONMENT – DEFINITION**

False imprisonment is the unlawful restraint of an individual's personal liberty or freedom of movement.    To constitute a false imprisonment, there must be an intentional and unlawful restraint, detention or confinement that deprives a person of his or her personal liberty or freedom of movement against his or her will.    The restraint necessary to create liability for false imprisonment may be imposed either by actual physical force or by an express or implied threat of force.

It is not necessary for the detention or confinement to be in a jail or prison.

M. Civ. J.I. 116.02 *Stowers v. Wolodzko*, 386 Mich 119 (1971).

**SPECIAL JURY INSTRUCTION #16**

**FALSE ARREST-LAW ENFORCEMENT OFFICER-**

**PROBABLE CAUSE TO ARREST FOR FELONY WITHOUT WARRANT**

An arrest is lawful if the defendant had probable cause to make the arrest.    An arrest is unlawful if the defendant did not have probable cause.

There was probable cause if you find that –

a.    the defendant was aware of information, facts or circumstances which were sufficient to lead a reasonable and prudent person to believe that the crime of resisting and obstructing had been committed and that plaintiff was the person who had committed it; and

b.    the defendant believed that the crime of resisting and obstructing had been committed and that plaintiff was the person who had committed it.

The elements of the crime are: 1) a person assaults, batters, wounds, resists, obstructs, opposes an individual who is performing his or her official duties; 2) the person knows or has reason to know the individual is performing his or her official duties;

An arrest made with probable cause is lawful even if the crime of resisting and obstructing had not actually been committed, nor was it in the process of being committed or the crime of resisting and obstructing had been committed or was in the process of being committed, but plaintiff was not the person who had committed it or was in the process of committing it.

M. Civ. J.I. 116.05

Defendants request the addition of the following language prior to the last paragraph. ""Obstruct" means (1) the use or threatened use of physical interference or force or (2) a knowing failure to comply with a lawful command."   *See,* M.C.L. 750.81d.

SPECIAL JURY INSTRUCTION #17

FALSE ARREST – LAW ENFORCEMENT OFFICER -

PROBABLE CAUSE FOR MISDEMEANOR ARREST WITHOUT A WARRANT

An arrest is lawful if the defendant had probable cause to believe that a misdemeanor was committed in his or her presence.     An arrest is unlawful if the defendant did not have probable cause.

There was probable cause if you find that –

a.      the defendant was aware of information, facts or circumstances which were sufficient to lead a reasonable and prudent person to believe that a misdemeanor ordinance violation had been committed and that plaintiff was the person who had committed it; and

b.      the defendant believed that a misdemeanor ordinance violation had been committed and that plaintiff was the person who had committed it.

City of Coldwater Ordinances make it a misdemeanor to either:

(a)      create a disturbance in a place open to the public and refuse to leave when requested to do so by an authorized agent of the owner or manager of said building, or the owner or manager himself or herself, without the necessity of any reasons being assigned for such request to leave.     A "disturbance" is defined as an interruption of peace and quiet, a violation of public order and decorum or an interference with or hinderance of one in pursuit of his or her lawful right or occupation; or

(b)      purposely cause, recklessly create a risk of or knowingly contribute to

inconvenience, annoyance or alarm to any person in a public place by making

unreasonable noise or creating an undue interference with permissible uses and

activities of the public place, and fail or refuse to disperse upon order of a police

officer.

M.C.L. 764.15(1)(a); City of Coldwater Ord. §660.01; City of Coldwater Ord. §660.02; City of

Coldwater Ord. §202.99.

Defendants propose the use of this instruction based on the authorities cited above to be
inserted between what is presently numbered as Special Instructions 16 and 17..

**SPECIAL JURY INSTRUCTION #17**

**FALSE ARREST-BURDEN OF PROOF**

Plaintiff has the burden of proof on each of the following:

a.      that he was arrested by defendant;

b.      that he was aware of the arrest and it was against his will;

c.      that such arrest was unlawful.

If you find that plaintiff has proved each of the elements that I have explained to you, and the defendant has failed to prove the defense of a lawful arrest, your verdict will be for the plaintiff.

If you find that the plaintiff has failed to prove any one of the elements, or if you find that the defendant has proved the defense of a lawful arrest, your verdict will be for the defendants.

M. Civ. J.I. 116.20

Defendants object to the elimination of item c. and request that it be included to state:
"c.      that defendant intended to arrest the plaintiff;"

Defendants further request that the language "the defense of a lawful arrest" be replaced with the language "the defense of governmental immunity" for the reasons cited above.

**SPECIAL JURY INSTRUCTION #18**

**FALSE IMPRISONMENT-BURDEN OF PROOF**

Plaintiff has the burden of proof on each of the following:

a.      that he was imprisoned; that is, he was restrained, detained or confined by defendants and thereby deprived of his personal liberty or freedom of movement;

b.      that such imprisonment was against his will;

c.      that defendant accomplished the imprisonment by actual physical force or by an express or implied threat of force;

d.      that defendant intended to deprive plaintiff of his personal liberty or freedom of movement;

e.      that such imprisonment was unlawful.

If you find that plaintiff has proved each of the elements that I have explained to you, and the defendants have failed to prove the defense of a lawful arrest, your verdict will be for the plaintiff.

If you find that the plaintiff has failed to prove any one of the elements, or if you find that the defendants have proved the defense of a lawful arrest, your verdict will be for the defendants.


M. Civ. J.I. 116.21.

Defendants object to the language "the defense of a lawful arrest" and request that it be replaced with the language "the defense of governmental immunity" for the reasons cited above.

**SPECIAL JURY INSTRUCTION #19**

**GOVERNMENTAL IMMUNITY**

If you determine that the defendants, or any one of them, committed a battery, or an unlawful arrest, or false imprisonment of Mr. Galinis, then you must determine whether they are entitled to immunity from liability pursuant to Michigan's Governmental Immunity Statute.

The defendants will be entitled to immunity from Mr. Galinis's state law claims if you find:

1) His actions were taken during the course of his employment and he was acting, or reasonably believed he was acting, within the scope of his authority;

2) The actions by defendants were taken in good faith; and

3) The actions of the defendants were discretionary, as opposed to ministerial.

You are instructed that good faith is the absence of malice, or wanton or reckless disregard for the rights of others.   Malice is found where the conduct shows an intent to harm or such indifference to whether harm will result as to be the equivalent of a willingness that it does.

*Scozzari v. City of Clare*, 723 F.Supp. 2d 974 (E.D. Mich 2010); *Odom v. Wayne County*, 482 Mich 459 (2008).

Defendants request that the term "discretionary" be changed to "discretionary-decisional" based on the cited authorities.